### H. J. CRAYCRAFT *v.* L. B. REDD & BRO.

**Municipal Corporations—Street Improvements—Liability For.**
 Only land laid out into public squares and bounded on all sides
 by streets and alleys is subject to the cost of street improvements.

#### APPEAL FROM LOUISVILLE CHANCERY COURT.

April 18, 1874.

OPINION BY JUDGE PETERS:

This suit was brought by appellees against appellant for his portion of the cost of grading and improving so much of East Broadway street between the cemetery line and South Highland avenue in the city of Louisville, as the ground owned by him fronts on said street, the same having been done by ordinance of the city council.

For his defense, appellant asserts that he is the owner of a tract

of land lying between Cave Hill cemetery and what is called High-land avenue, but not adjoining said avenue; that it is bounded on two sides by Cave Hill cemetery, on another by land formerly owned by Henning and Speed, and on the other side by the Bardstown turnpike road, now called Baxter avenue; that Broadway street, if extended, would run through said land; that he is the sole and exclusive owner of the land; that the city does not, and never did, own any part of it nor any part of the ground over which what is called East Broadway, if extended, would run; that he has never dedicated nor conveyed any part of said land to the city of Louis-ville, nor has the city ever acquired any right to the same or any part thereof; that his land has never been divided into squares, or lots, and he has never sold any lots from said land; that the city had never acquired any right to the use of the land over which, it alleges, East Broadway street runs through his property; and that any improvements it has caused to be made, were made without right or authority to make them. Making his answer a cross-petition, he asserts a claim for damages for entering upon his land, and digging up and removing dirt, etc., from the same.

On the trial in the court below, judgment was rendered subjecting the property of appellant fronting the improvements to the payment of the costs thereof; and the correctness of that judgment appellant calls in question.

Henning and Speed and appellant on May 18, 1870, proposed in writing to the city to open East Broadway, through their lands, as is indicated on map of the said Henning and Speed's Highland addi-tion to Louisville, and to surrender said street eighty feet wide, whenever the city shall by proper ordinance accept the same. On the last named day, appellant of the one part, and Henning and Speed of the other, covenanted with each other, as owners of adjoin-ing lands, who wished to lay them off into streets, lots and alleys to the following effect: that appellant should lay off and extend East Broadway eighty feet wide from his west line to his east line, parallel with the Bardstown road, the southeasterly side thereof to be 394 feet from said road, with such curve at the west end as may be adopted to get through the corner of Cave Hill lawn. Henning and Speed bound themselves to extend said street through their land with the same width, and parallel with said road to the city limits, and to Transit avenue, and also to extend the 24-foot alley

next east of Craycraft's line out of the northeast side of Broadway, as laid out on the plan of Henning and Speed's Highland addition. All these ways were proposed to be opened by January 1, 1871, or sooner, if the consent of Craycraft's tenant could be procured, and all to be surrendered to the city and dedicated to public use.

Henning proves that after said writing was executed, appellant directed him, as surveyor, to open said street, and to stake off the same and cause fencing to be erected on each side thereof, and appellant paid for the same, all of which was done before the improvements were commenced. The property-holders on both sides of said street, except appellant, presented a petition to the mayor and council of the city, to accept said street, and cause the same to be improved; and ordinances to that effect were passed by the general council. As to the dedication of the ground to the city by appellant, for a street or highway, and the acceptance by the city, no question can arise.

But this court, in the case of Caldwell et al. v. Rupert et al., MS. opinion, April 8, 1874, after quoting so much of Sec. 12 of the city charter of 1870 as embraces the entire grant of power to the city government so far as the specific taxation of real estate for the improvement of adjacent public ways is involved, says: "It is apparent from the terms of the grant that taxation of this character can not be imposed upon real estate that has not been laid out into squares. The assessment is to be made against lots constituting one-fourth of a square, and there is no authority given to tax any realty for this purpose that does not lie within a tax district so formed. That it was the intention of the Legislature to tax realty laid out into squares, differently from that not so laid out, is manifested by Sec. 71." Henning proves in this case that the square on the southwest side of East Broadway is bounded on the northeast by said East Broadway, southeast by Highland avenue, southwest by Baxter avenue, and on the northwest side it is bounded by Cave Hill cemetery and the lands of Henning and Speed.

All that portion of appellant's land fronting on Broadway avenue, that is laid off into squares and bounded on all sides by streets, or by streets and alleys, is subject to be assessed for the costs of said improvements, but such as is not so laid out or bounded can not, under the charter of the city, be so assessed.

There is no case made out on the cross-petition. But the judgment is reversed for the reasons stated, and the cause remanded

with directions for further proceedings and a judgment in conformity to this opinion.

*Russell, Belson, for appellant.*

*W. B. Fleming, Burnett, for appellees.*